UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| I.S. by his Parents and Next Friends, ) | |
| RICHARD and CHRISTINA SEPIOL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CAUSE NO. 2:11-CV-160 JD |
| v. ) | |
| ) | |
| SCHOOL TOWN OF MUNSTER and ) | |
| WEST LAKE SPECIAL EDUCATION ) | |
| COOPERATIVE, ) | |
| ) | |
| Defendants. | |

**OPINION AND ORDER**[1]

On May 4, 2011, Richard and Christina Sepiol ("Parents") filed a complaint under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, on behalf of their son, I.S. [DE 1]. The dispute arose when the Parents felt that the Individualized Education Program ("IEP") the defendants ("School") devised for I.S. had failed to produce any meaningful academic progress over the course of several years. [DE 1 ¶¶ 14-17]. The Parents raised the issue to the School, and were not satisfied with the School's response, which was allegedly to craft a new IEP for the 2009-2010 academic year without any significant remedial work addressing the prior years' deficiency. On October 22, 2010, the Parents filed a complaint requesting an administrative due process hearing to settle the dispute. [DE 1 ¶ 26].

Their complaint in *this* court requests judicial review of that hearing. On July 11, 2011, the School filed an answer, affirmative defenses, and a counterclaim seeking attorneys' fees under the provisions of the IDEA. [DE 8]. On July 28, 2011, the Parents answered the counterclaim. [DE 9].

---

[1] The record is cited in the following format: ["Docket Entry Number" at "page or paragraph number within docket entry"].

On August 15, 2011, the Parents filed a motion for judgment on the pleadings against the School's counterclaim, arguing that it fails to state a claim upon which relief may be granted. [DE 12]. The parties fully briefed the issues, and the motion is ready for a ruling. For the reasons stated herein, the court now DENIES the Parents' motion for judgment on the pleadings.

## I.    STANDARD OF REVIEW

The Parents moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on the grounds that the School's counterclaim fails to state a claim upon which relief can be granted. Thus, our review is governed by the same standards applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *see Hayes v. City of Chi.*, __ F.3d __ , 2012 WL 661676 at *2 (7th Cir. March 1, 2012), which authorizes dismissal for the reason alleged. *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965); *United States v. Singer Mfg. Co.*, 374 U.S. 174 (1963); *Xechem, Inc. v. Bristol-Meyers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004). Generally speaking, courts faced with a Rule 12(b)(6) motion must inquire whether the complaint satisfies the "notice-pleading" standard. Under that test, "a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In evaluating the sufficiency of a claim under the notice-pleading standard,"we construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (quoting *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010)).

But while notice-pleading remains the rule, the Supreme Court has promulgated a "two-pronged approach" to the consideration of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (citing *Twombly*). After *Iqbal*, the court begins "by identifying pleadings that, because they are no more than conclusions, are *not* entitled to the assumption of truth." *Id*. (emphasis added). This includes legal conclusions couched as factual allegations, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010), as well as "threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Next, "[w]hen there *are* well-pleaded factual allegations, a court should assume their veracity and then determine whether they *plausibly* give rise to an entitlement to relief." *Id*. (emphasis added).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Accordingly, while the plaintiff need not plead "detailed factual allegations[,]" *see Reynolds*, 623 F.3d at 1146 (citing *Iqbal*), the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (emphasis in original)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008). "But a plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation

3

that discovery will reveal evidence' supporting the plaintiff's allegations." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, *see Iqbal*, 129 S.Ct. at 1950, and the court will assess School's counterclaim accordingly.

## II.    DEFINING THE SCHOOL'S CAUSE OF ACTION

But before engaging the *Iqbal* analysis, the court must address a pair of legal questions, raised by the parties, that bear on the showing required of the School. The School's counterclaim seeks a determination that it is entitled to attorneys' fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), specifically 20 U.S.C. § 1415(i)(3)(B)(i)(II) and 20 U.S.C. § 1415(i)(3)(B)(i)(III). Under those subsections,

> "[T]he court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . **(II)** to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or **(III)** to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

The parties dispute the scope of the provisions in two ways. The first dispute concerns the meaning of the terms "parent" and "attorney of a parent," and whether there is any overlap between the two. The dispute is relevant to the instant motion because the outcome dictates what standard of misconduct the School was required to plead. Subsection (II) entitles the School – if it is determined to be a prevailing party – to relief only against the attorney of a parent, while subsection (III) entitles the School to relief against the attorney of a parent *or* against the parent itself. Of the

4

two, subsection (II) offers more paths to relief. The School may recover against an *attorney* of a parent "who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation," or "who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]" In contrast, subsection (III) allows recovery against a *parent* only where "the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." Thus, fee relief against a parent is considerably more limited in its availability than fee relief against a parent's attorney.

In this case, the School clearly can, and does, seek fee relief from the Parents under subsection (III). But the School also seeks relief against the Parents under subsection (II), arguing that by virtue of her bar membership and familiarity with IDEA issues, the mother, Christina Sepiol, also qualifies as "attorney of a parent" because she acted *pro se* during administrative proceedings.[2] [DE 8 ¶¶ 33-35]. Mrs. Sepiol's situation is not terribly uncommon, and the Courts of Appeal who have confronted the issue refer to an attorney representing their child in IDEA proceedings as an "attorney-parent." *See, e.g., Rickley v. County of Los Angeles*, 654 F.3d 950, 952 (9th Cir. 2011); *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 425 (3d Cir. 2008); *S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601, 603-04 (2d Cir. 2006); *Doe v. Bd. of Educ. of Baltimore Cnty.*, 165 F.3d 260, 264 (4th Cir. 1998). Each of the cited cases considered whether an attorney-parent may recover fees under the IDEA against a school district, which is the converse of the issue *sub judice*. And each Court of Appeals answered "no." "[A]ttorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that reason, rather

---

[2] The Parents have retained counsel for proceedings before this court.

than emotion will dictate the conduct of the litigation[.]" *Pardini*, 524 F.3d 419, quoting *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 131 (3d Cir. 2001). Granting attorneys' fees to attorney-parents would thus "frustrate the fee-shifting provision's purpose of 'encourag[ing] the effective prosecution of meritorious claims.'" *Id.*; *but see Matthew V. ex rel. Craig V. v. DeKalb Cnty. Sch. Sys.*, 244 F. Supp. 2d 1331, 1337 (N.D. Ga. 2003) (disagreeing with *Doe* and *Woodside* and allowing an attorney-parent to recover fees under IDEA).

Dealing, as they were, with fee claims by parents against school districts, none of the foregoing cases directly addressed the question presented to this court: whether a school district may recover subsection (II) "attorney of a parent" fees, in addition to subsection (III) "parent" fees, against an attorney-parent. In fact, "[t]here is little case law governing the IDEA's provisions allowing school districts to recover attorney's fees." *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011). But the *Pardini* principle is still informative. The simple truth is that parents who are litigating on behalf of their children are apt to act more like parents than attorneys, whether they happen to be members of the bar or not. By holding the two different classes of actors to two different standards of conduct, the § 1415(i)(3)(B)(i) fee-shifting scheme recognizes as much. *See Holloway v. United States*, 526 U.S. 1, 7 (1999), quoting *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) ("[T]he meaning of statutory language. . . depends on context."). For example, fees may be levied under subsection (II) against an attorney who files an "unreasonable" complaint, but unreasonableness alone does not warrant a fee assessment against a parent under subsection (III). This reflects the reality that parents are perhaps more likely than others to act "unreasonable" in defense of their children, even with the best of intentions, and they should not necessarily be punished for it if it is not accompanied by an improper purpose. In short, a reading

of the statutory text plainly shows that attorneys and parents are to be treated differently under the IDEA, and the general principles announced in *Pardini*, as well as *Rickley*, 654 F.3d at 952, *Pittsford*, 448 F.3d at 603-04, and *Doe*, 165 F.3d at 264, demonstrate that, at least for fee-shifting purposes, an attorney-parent is to be considered a parent, and not an attorney. The School may only proceed under subsection (III).

That settles the question of which statutory standard of conduct the School must have pled to survive the Parents' motion. The Parents' complaint or subsequent cause of action must have been "presented for [an] improper purpose[.]" 20 U.S.C. § 1415(i)(3)(B)(i)(III). The text offers harassment, unnecessary delay, or the needless dilation of litigation expenses as examples of improper purpose, *id.*, and one final gloss comes from the case law, which holds that "[a]s a matter of law, a non-frivolous claim is never filed for an improper purpose." *Prescott*, 631 F.3d at 1126 (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991) (en banc)); *cf. Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003) (noting, in a Rule 11 analysis, that "it is not improper to file a non-frivolous claim"). Thus, the School must have plausibly pled both that the Parents' complaint or cause of action was presented for an improper purpose *and* that it was frivolous in order to recover under subsection (III).

The second legal issue raised by the parties is a dispute over which of the parents' actions are subject to the standard of conduct in question. The Parents read the statutory text literally, and argue that, to have stated a claim upon which relief may be granted, the School must have pled that the Parents' administrative complaint, or the Parents' subsequent cause of action in this court, was *itself* presented for an improper purpose. [DE 13 at 6-8]. In response, the School argues that the term "complaint" implicitly incorporates other actions – discovery requests, etc., – performed during the

prosecution of that complaint, and that those actions, too, provide a basis for recovery if they were frivolous and done for an improper purpose. [DE 16 at 9-14].

To some extent, they are both correct. The Parents are right that there is nothing ambiguous about the statutory language. Fee-shifting is only authorized if the Parents' "complaint or subsequent cause of action" was frivolous and improper. There is no need to dig any deeper, or to read some additional basis for recovery into the text. "When the plain wording of the statute is clear, that is the end of the matter." *United States v. Webber*, 536 F.3d 584, 593 (7th Cir. 2008) (citing *BedRoc, Ltd. v. United States*, 541 U.S. 176, 183 (2004) (the task of statutory interpretation "ends there [if] the text is unambiguous")). But the School is right to argue that the Parents' other actions throughout the course of this litigation are not irrelevant. Repetitive, fragmented, or unnecessary discovery requests, dilatory filings, generally contumacious litigation conduct, etc., are probative of whether or not the complaint underlying an action was frivolous and filed for an improper purpose. *See, e.g., Bethlehem Area Sch. Dist. v. Zhou*, 2010 WL 2928005 (E.D. Pa. July 23, 2010) (taking into account "a series of demands for an improper purpose" in allowing a subsection (III) attorneys' fees claim to stand). A litigant who files a frivolous complaint with harassment in mind is, after all, bound to keep harassing. So, while the School district indeed must have pled that the complaint or subsequent cause of action itself ran afoul of the statutory standard of conduct, alleging multiple *other* instances of apparent litigation misconduct is a commonsense way to shore up the plausibility of their attack.

In summary, whether Christina Sepiol happens to be an attorney or not, the law considers her a parent for fee-shifting purposes, and the School may only seek attorneys' fees from the Parents pursuant to subsection (III). That means the School was required to plead that either or both of the Parents' due process complaint and subsequent cause of action was itself frivolous and presented

for an improper purpose. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(III); *Prescott*, 631 F.3d at 1126. But allegations of misconduct or improper purpose at any *other* stage in the proceedings, while not in themselves sufficient to withstand Rule 12(b)(6) scrutiny, are still relevant to determining the plausibility of the School's attack on the complaint or cause of action.

### III.    APPLYING THE *IQBAL* STANDARD

Having determined the parameters of the School's cause of action and how they may be pled, the court now proceeds to an analysis of whether those parameters were in fact pled sufficiently under the *Iqbal* standard. As previously mentioned, "we construe [the counterclaim] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in her favor." *Reynolds*, 623 F.3d at 1146 (quoting *Reger Dev. LLC*, 592 F.3d at 763). Viewing the counterclaim through that favorable lens, it is apparent that the School did plead that the Parents' complaint or subsequent cause of action was frivolous and filed for an improper purpose. [DE 8 ¶¶ 33-34]. And that outline of the statutory elements is supported by more than a half-dozen pages of specific, detailed factual allegations. The School alleges that the legal dispute started when the Parents threatened the School with "costly litigation" in an attempt to get their way [DE 8 ¶ 13]; that the parents then filed a due process complaint and followed it up with many redundant filings and records requests  [DE 8 ¶ 14-32]; that the Parents conducted the litigation in a way that maximized costs and inefficiency to the School, such as failing to fulfill their document submission obligations and cancelling hearings via fax at the last minute [DE 8 ¶ 20]; and that all of the Parents' actions were eventually found to be meritless. After painting this detailed portrait of the litigation history, the School concludes its counterclaim by emphatically asserting that the Parents' litigation behavior has been "frivolous, unreasonable, without foundation, brought to harass, caused delay for improper

purpose and needlessly increased the costs of legal fees to the School[,]" [DE 8 ¶ 36], and by providing several succinct examples that support inferring as much. Coloring all of this is the allegation that Christina Sepiol is a licensed attorney with considerable litigation experience in the special education arena. [DE 8 ¶ 10]. While this fact does not render her an "attorney of a parent" for fee-shifting purposes, *supra*, it is certainly relevant to deciding whether the Parents' "shotgun approach" to this litigation is the product of inexperience, or of a desire to use the system to harass the School with a frivolous claim. The foregoing factual allegations are detailed and "well-pleaded" ones, which, even post-*Iqbal*, are entitled to the assumption of truth. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Accordingly, the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Indep. Trust Corp.*, 665 F.3d at 935 (quoting *Twombly*, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id*. The School's detailed factual allegations are sufficient to render their claim plausible under the governing standard, and it is not a close question. The Parents' alleged threat precipitating this litigation, coupled with their alleged conduct during this litigation, plausibly suggest – at least, plausibly enough to merit discovery – that the Parents had harassment and the infliction of unnecessary expense in mind when they filed their complaint. And while the Parents' continued lack of success by no means *proves* that their claim was frivolous or unfounded, *see Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978), it does at least raise the possibility to a level

warranting discovery.³ The School's counterclaim is sufficiently pled, and the Parents' motion must be denied.

This ruling by no means is meant to suggest that the School will ultimately prevail on its counterclaim. A "prevailing party" must be ascertained, and the factual questions of the frivolity and purpose of the Parents' complaint must actually be resolved, before any award of attorneys' fees may even be considered. This order stands only for one proposition, and nothing more: the School has pled their claim for attorneys' fees sufficiently to have their day in court.

## IV. CONCLUSION

For the reasons stated herein, the Parents' motion for judgment on the pleadings as to the School's counterclaim for attorneys' fees [DE 12] is **DENIED**.

SO ORDERED.

ENTERED:   March 19, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court

---

³ The court recognizes that the Parents' complaint [DE 1 ¶ 28] alleges that the Parents experienced at least *some* degree of success at the administrative hearing. If that is true, it would be difficult for the court to find that the administrative complaint was frivolous, and it would accordingly be difficult to find that it was filed for an improper purpose. *Prescott*, 631 F.3d at 1126. But that has no bearing on the frivolity of the complaint filed in *this* court, which may provide an independent basis for recovery. *See Dell v. Bd. of Educ., Tp. High Sch. Dist. 113*, 32 F.3d 1053, 1063 (7th Cir. 1994) ("[T]he great weight of judicial authority has held that a litigant can recover in the district court for attorneys' fees both in that court and in the earlier state administrative proceedings.") (emphasis added) (citing *Brown v. Griggsville Cmty. Unit Sch. Dist. No. 4*, 12 F.3d 681, 683-84 (7th Cir. 1993)); *see also Linda T. ex rel. William A. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 707 (7th Cir. 2005) ("IDEA's fee-shifting provision allows an award of reasonable attorneys' fees to the party who prevails in an administrative proceeding as well as an action in court.") (citing *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003)); *Moore v. District of Columbia*, 907 F.2d 165 (D.C. Cir. 1990) (collecting authorities and joining sister circuits in holding that the IDEA "*does* authorize an award of attorney fees to a [litigant] who prevails in [IDEA] administrative proceedings." (emphasis original)). And, more importantly, the factual allegations contained in the *Parents'* complaint are irrelevant to assessing the strength of the allegations contained in the *School's* complaint under the *Iqbal* standard.