UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| I.S. by his Parents and Next Friends, RICHARD and CHRISTINA SEPIOL, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:11-CV-160-JD-PRC |
| SCHOOL TOWN OF MUNSTER and WEST LAKE SPECIAL EDUCATION COOPERATIVE, Defendants. | ) ) ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Discovery [DE 44], filed by Defendants School Town of Munster and West Lake Special Education Cooperative on January 9, 2013. Plaintiffs I.S. and his parents Christina and Richard Sepiol filed their response on January 27, 2013. Hyde Park Day School ("Hyde Park"), not a named party in this case, filed a response on January 31, 2013. Defendants filed their reply to Plaintiffs on February 7, 2013, and their reply to Hyde Park on February 13, 2013.

Defendants' motion arises in the context of a suit by Plaintiffs against Defendants under the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400 *et seq*. I.S. is presently in the seventh grade and has received special education services for over six years. From 2006 to 2011, I.S. was a student at a school administered by Defendants. Dissatisfied with the education provided to I.S. by Defendants, in October 2010, the Sepiols filed for a due process hearing alleging a number of violations of the IDEIA and of state law. The hearing was conducted by an Independent Hearing Officer ("IHO") in March 2011, and a decision was issued in April 2011. The IHO ruled against Plaintiffs on a number of issues. Following that decision, Plaintiffs sought

1

judicial review of the IHO's decision in this Court. Since filing the suit, the Sepiols have removed I.S. from Defendants' school and unilaterally placed him at Hyde Park, a private school that focuses on the needs of students with learning disabilities. Plaintiffs are seeking, among other things, reimbursement from Defendants for the tuition and expenses associated with enrolling I.S. at Hyde Park.

**DISCUSSION**

Defendants' motion requests an order from the Court compelling (1) Hyde Park to allow an observation of I.S in school, (2) Hyde Park to produce I.S.'s non-privileged records in an unredacted format, (3) Hyde Park to produce particular employees for depositions, and (4) Plaintiffs to allow an educational evaluation of I.S. Additionally, Defendants' motion asks the Court to award them the costs of bringing the motion and the costs of their consulting evaluator's cancellation fee.

**A. Hyde Park Discovery**

Since the filing of the motion, Defendants and Hyde Park have informed the Court through the response and reply briefs that the Court's intervention is unnecessary at this time with respect to discovery concerning Hyde Park as they have reached a tentative agreement pending the Court's ruling on the requested evaluation of I.S. Accordingly, the Court denies without prejudice Defendants' request for an order compelling Hyde Park to allow an observation of I.S., produce I.S.'s non-privileged records in an unredacted format, and produce particular employees for depositions.

**B. Evaluation of I.S.**

The only remaining discovery dispute is Defendants' request for an order under Federal Rule of Civil Procedure 35 compelling Plaintiffs to make I.S. available for an educational evaluation. Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in

2

controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). It further provides that a court may only order an examination "on motion for good cause." Fed. R. Civ. P. 35(a)(2)(A). These two provisions constitute the "in controversy" and "good cause" requirements of Rule 35. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Thus, before a court may compel a party to submit to a mental or physical examination under Rule 35, the movant must demonstrate (1) that the party's mental or physical condition is actually in controversy and (2) that there is good cause for the examination. *Id.* at 118-19. Additionally, a court order compelling an examination under Rule 35 "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

The evaluation sought by Defendants would consist of an administration of educational assessments that utilize standardized measures. Defendants argue that a Rule 35 order compelling the evaluation is proper because Plaintiffs have placed I.S.'s current academic capabilities at issue through their submission of additional evidence to the administrative record. On December 15, 2011, Plaintiffs filed a motion asking Judge DeGuilio to admit two documents to the administrative record: (1) a document showing I.S.'s improved performance on assessment tests administered by Hyde Park over the course of his first semester there, and (2) an affidavit of Hyde Park principal Jay Alan Smith describing I.S.'s curriculum at Hyde Park, attesting to the Hyde Park records concerning I.S., and describing I.S.'s academic progress while at Hyde Park. Judge DeGuilio admitted the evidence into the record on April 11, 2012, and on December 3, 2012, he upheld his initial ruling, following Defendants' motion to reconsider.

Defendants argue that this new evidence places I.S.'s current academic capabilities at issue because Plaintiffs are seeking reimbursement from Defendants for the cost of sending I.S. to Hyde

3

Park. Under the IDEIA, parents who seek reimbursement for the cost of placing their child in a private school are required to demonstrate, among other things, that the private school is an appropriate placement under the statute. *See Monticello Sch. Dist. No. 25 v. George L. on Behalf of Brock L.*, 102 F.3d 895, 905-06 (7th Cir. 1999) (stating that parents who unilaterally place their child in a private school "are eligible for reimbursement only if it is determined by the court that the private school placement was proper under [IDEIA]"). Defendants assert that the new evidence admitted by Judge DeGuilio will be used by Plaintiffs to argue that Hyde Park's curriculum is leading to positive results for I.S and that Hyde Park is consequently an appropriate placement under IDEIA. Plaintiffs have admitted as much in stating that the additional evidence "go[es] directly to a key issue for the Parents, namely whether the family should be reimbursed for the tuition and expenses associated with the placement of I.S. at the Hyde Park School." Pl. Reply to Mot. to Submit New Evid., p. 3 (docket entry 27). Defendants seek the evaluation in order to determine if I.S. has actually made academic progress since enrolling at Hyde Park.

The Court agrees that the admission of Plaintiffs' additional evidence to the administrative record has made I.S.'s current academic capabilities the legitimate subject of a Rule 35 order. Defendants have made a sufficient showing that I.S.'s current academic capabilities are "in controversy." Because Plaintiffs are entitled to reimbursement for I.S.'s education only if Hyde Park is found to be an appropriate school under the IDEIA, the extent, if any, of I.S.'s academic progress since enrolling at Hyde Park is an important issue in the case as it goes to Hyde Park's appropriateness. As noted above, Plaintiffs have essentially admitted this fact when they stated that the new evidence concerning I.S.'s progress since joining Hyde Park "go[es] directly towards a key issue" in the case. *Id.*

4

With respect to the "good cause" requirement, Defendants argue that the information sought through the evaluation is necessary to enable them to prepare a defense and that an evaluation is necessary to obtaining the information. Demonstrating good cause requires a movant to make "a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means." *Heath v. Isenegger*, Civil No. 2:10-cv-175, 2011 WL 2610394, at *1 (N.D. Ind. July 1, 2011). The newly added evidence is currently the only evidence in the record reflecting I.S.'s progress since enrolling at Hyde Park. Defendants argue that in order to mount a defense against a claim of Hyde Park's appropriateness, they will need to gather information about I.S.'s current academic capabilities that can be compared with information concerning his capabilities pre-Hyde Park that is available from a previous evaluation in 2010. The Court finds that Defendants are entitled to discovery that will allow them to compare I.S.'s current and pre-Hyde Park capabilities.

The more difficult question is whether there is a less burdensome path to gaining information about I.S.'s current academic capabilities than through the requested evaluation. Plaintiffs argue that Hyde Park has assessed I.S. repeatedly over the course of his time there and that this information, in combination with an observation of I.S. at Hyde Park and interviews with I.S.'s teachers, will provide Defendants with sufficient information to mount a defense. Defendants counter that the assessments administered by Hyde Park are not standardized and thus will not allow Defendants to compare the results to I.S.'s performance before enrolling at Hyde Park. If his performance cannot be compared to the pre-Hyde Park data, Defendants argue, then they will not be able to adequately assess I.S.'s progress. In support of their position, Defendants have submitted the affidavit of the licensed psychologist who would conduct the evaluation, and she states that, because the Hyde Park assessments cannot yield a standardized measurement against which I.S.'s pre-Hyde Park data can

5

be compared, a new evaluation is necessary. The Court finds that Defendants have adequately established that using the Hyde Park assessments will not allow them the opportunity to challenge I.S.'s alleged progress at Hyde Park and that they have thus met the "good cause" requirement.

Plaintiffs argue that, even if the School has satisfied the requirements for a Rule 35 order, the Court should refuse to issue it under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b) provides that a court must limit discovery that is otherwise proper under the Rules if one of three conditions is met. Plaintiffs assert that two of the conditions have been met. Plaintiffs first contend that the Court must deny the motion for a Rule 35 order because Rule 26(b)(2)(C)(i) provides that the Court must limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The Court disagrees that the Rule controls in this instance. The information sought by Defendants through the Rule 35 order is distinct from the assessments contained in Hyde Park's records because it can be properly compared to assessment data predating I.S.'s enrollment at Hyde Park while the Hyde Park records cannot. Thus, the information sought is not duplicative of information available to Defendants through other discovery. Plaintiffs further contend that the Court must deny the motion for a Rule 35 order because Rule 26(b)(2)(C)(iii) provides that a court must limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering" the circumstances of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court also disagrees with this argument. The Court acknowledges that the burdens imposed by the evaluation will in part be borne by I.S. The Court is not insensitive to the fact that this order may cause I.S. to miss classes and may cause him some degree of stress. However, Rule 35 contemplates that examinations will impose some burden on the subject, which is why a court order is required before a party may be subjected to one. Here, the

burdens imposed on I.S. are outweighed by Defendants' interest in being able to adequately address whether I.S. has made academic progress since enrolling at Hyde Park.

The final requirement of a Rule 35 order is that it "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." F. R. Civ. P. 35(a)(2)(B). Defendants have indicated that the evaluation will be conducted by Dr. Julie T. Steck, a licensed psychologist specializing in the evaluation of children with learning disabilities. Defendants have further indicated that the evaluation would begin at 8:30 a.m. and last one day, which the Court interprets to mean seven (7) hours. Also, Defendants have indicated that the West Lake Special Education Cooperative would be an adequate site for the evaluation. Plaintiffs have not objected to any of these specific details of the Rule 35 examination.

## C. Costs

Finally, Defendants ask the Court to award them the costs of bringing the present motion and of their evaluator's cancellation fee. Defendants have not cited any authority supporting an award of costs to a successful movant under Rule 35(a). Parties are free to independently arrange for examinations without the involvement of the courts, but the Rules do not require a party to submit to a request for a mental or physical examination without a court order under Rule 35. *See Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675, 689 (10th Cir. 2007) ("Unlike other discovery mechanisms, such as interrogatories or depositions, which a party can invoke on his own, Rule 35 requires the party seeking to conduct a medical examination first to obtain the district court's permission."). Additionally, while the Court has found no authority suggesting that an award of costs is appropriate following a successful Rule 35(a) motion, the Court has found authority to the contrary. *See* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2288 (including Rule 35(a) motions among those "motions relating to discovery in connection with which an award of expenses is not

7

authorized by Rule 37(a)(5)"); *Barcia v. ENI U.S. Operating Co.*, No. 05-4501, 2006 WL 1236053, at *3 (E.D. La. May 4, 2006) (stating that the Rules do "not provide for the reimbursement of costs associated with filing a motion under Rule 35"); *EEOC v. Grief Bros. Corp.*, 218 F.R.D. 59, 64 (W.D.N.Y 2003) (noting that costs are available if a party refuses to comply with an order under Rule 35 but "not for the need to being the [Rule 35] motion in the first instance"). Consequently, the Court denies Defendants' request for costs associated with bringing the present motion.

The Court also denies Defendants' request for the costs of its consulting evaluator's cancellation fee. Defendants assert that, before filing the present motion, they scheduled an evaluation that they were forced to cancel once Plaintiffs refused to agree to the evaluation. They claim that this resulted in a substantial cancellation fee. Defendants have not directed the Court to any authority suggesting such an award is appropriate. Absent a Rule 35(a) order from this Court, Plaintiffs were under no obligation to allow I.S. to be evaluated. Moreover, nothing in the record shows that Plaintiffs had agreed to an evaluation, much less a date for the evaluation. As a result, the Court can find no basis in the record for holding Plaintiffs accountable for the evaluator's cancellation fee.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Motion to Compel Discovery [44]. The Court **GRANTS** the request for an order compelling an evaluation of I.S. The Court **DENIES without prejudice** the request for an order compelling discovery relating to Hyde Park and **DENIES** the request for an award of costs.

The Court **ORDERS** that on or before **May 17, 2013**, Plaintiffs shall make I.S. available for an educational evaluation consisting of standardized assessments using standardized measurements. The evaluation shall be conducted by Dr. Julie Steck at the West Lake Special Education

Cooperative. It shall begin no earlier than 8:30 a.m. and shall last for no more than seven (7) hours in total. If so desired, the parties may agree to split the seven hours over more than one day.

SO ORDERED this 16th day of April, 2013.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record