UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| I.S., by his Parents and Next Friends, RICHARD and CHRISTINA SEPIOL<br><br>    Plaintiff,<br><br>v.<br><br>SCHOOL TOWN OF MUNSTER, *et al.*,<br><br>    Defendants. | Case No. 2:11-CV-160 JD |

**OPINION AND ORDER**

On September 10, 2014 this Court remanded this case to the Indiana Department of Education to determine the amount of reimbursement I.S. should receive for his attendance at Hyde Park Day School, as compensation for the Defendant's failure to provide a free appropriate public education as required by the Individuals with Disabilities in Education Act. Plaintiff subsequently moved for an award of attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I). [DE 107]. Plaintiff estimates that he has incurred attorneys' fees of about $66,000 so far, but because this matter is now continuing on remand before the state agency, Plaintiff prefers to wait until those proceedings have concluded before documenting the total amount of fees.

Under the IDEA, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Having secured a remand of this action for further proceedings, Plaintiff likely qualifies as a prevailing party so as to be entitled to at least certain attorneys' fees. However, Plaintiff apparently intends to seek not only the fees incurred up through the judgment in this action, but those incurred after judgment while pursuing the matter on remand as well. Plaintiff thus requests that the Court wait until

1

those proceedings have concluded before requiring him to submit and support his specific fee petition. Defendant reserves the right to object to any specific fees sought, but agrees with Plaintiff that the Court should wait until the administrative proceedings have concluded before deciding any motion for attorneys.

However, these requests assume that the Court has continuing jurisdiction in this case to award attorneys' fees incurred on remand after entry of judgment in this matter, and neither party has cited any authority for that proposition. While the IDEA authorizes parties to recover attorneys' fees incurred during administrative proceedings, 20 U.S.C. § 1415(i)(3)(B)(i)(I); 511 Ind. Admin. Code 7-45-11(a), it may be that Plaintiff needs to recover those fees on remand through a subsequent action.

Because the parties did not expressly address this issue in their filings, the Court ORDERS both parties to file a brief by January 5, 2015, not to exceed 5 pages, as to whether the Court has the authority to award attorneys' fees incurred on remand after judgment in this action. If that is not the case, the Court will likely direct the parties to brief the amount of attorneys' fees awardable through the conclusion of the instant action, without waiting for the proceedings on remand to conclude.

SO ORDERED.

ENTERED: December 16, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court